```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAVID B. JACOBS,

                          Plaintiff,

          -against-

MICHAEL MOSTOW, HORACE WILLIAMS,
HERSCHEL WILLIAMS, ARNOLD GOLDBERG,
ROOSEVELT UNION FREE SCHOOL DISTRICT,         MEMORANDUM & ORDER
BOARD OF EDUCATION OF THE ROOSEVELT           05-CV-4808(JS)(ARL)
UNION FREE SCHOOL DISTRICT, GLENN
SIMMONS, ARTHUR REGAL, JASPAN
SCHLESINGER HOFFMAN L.L.P., LAWRENCE
TENENBAUM, STEVEN A. FAYER, M.D.,
PEARSON, RANDALL SOLOMON, M.D., NEW
YORK STATE UNITED TEACHERS, ROOSEVELT
TEACHERS' ASSOCIATION, THE NEW YORK
STATE TEACHERS' RETIREMENT SYSTEM, THE
STATE OF NEW YORK EDUCATION DEPARTMENT,
and THE STATE OF NEW YORK,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      David B. Jacobs, pro se
                    3090 Holiday Spring Blvd., Bldg. 14, Apt. 305
                    Margate, FL 33063

For Defendants:
School District     Brian S. Sokoloff, Esq.
Defendants          Melissa Lauren Holtzer, Esq.
                    Sokoloff Stern LLP
                    355 Post Avenue, Suite 201
                    Westbury, NY 11501

                    Steven Verveniotis, Esq.
                    Miranda Sokoloff Sambursky Slone Verveniotis LLP
                    240 Mineola Boulevard
                    Mineola, NY 11501

Arthur Regal        William Goldman Scher, Esq.
                    Garbarini and Scher, P.C.
                    432 Park Avenue South
                    New York, NY 10016
```

| | |
|---|---|
| Jaspan Schlesinger L.L.P. & Lawrence Tenenbaum | Stanley A. Camhi, Esq.<br>Jaspan, Schlesinger & Hoffman, LLP<br>300 Garden City Plaza<br>Garden City, NY 11530 |
| Dr. Fayer | Mary T. Hart, Esq.<br>Ricki E. Roer, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker LLP<br>150 East 42nd Street<br>New York, NY 10017-5639 |
| NCS Pearson | Jonathan Michael Herman, Esq.<br>Dorsey & Whitney, LLP<br>51 West 52nd Street<br>New York, NY 10019 |
| Dr. Solomon | Brian E. Lee, Esq.<br>Ivone, Devine & Jensen<br>2001 Marcus Avenue<br>Lake Success, NY 11042 |
| NYS United Teachers & Roosevelt Teachers' Assoc. | Christopher Mark Callagy, Esq.<br>New York State United Teachers<br>52 Broadway<br>New York, NY 10004 |
| NYS Teachers' Retirement Sys., NYS DOE, and New York State | Ralph Pernick, Esq.<br>New York State Attorney General's Office<br>200 Old Country Road, Suite 240<br>Mineola, NY 11501<br><br>Valerie Singleton, Esq.<br>New York State Attorney General's Office<br>200 Old Country Road, Suite 460<br>Mineola, NY 11501 |

SEYBERT, District Judge:

Presently pending before the Court is pro se Plaintiff David B. Jacobs' motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the Judgment entered in favor of Defendants on September 22, 2005. For the following reasons, Plaintiff's motion is DENIED.

2

BACKGROUND

The Court assumes familiarity with the facts of this case which the Court detailed in its September 22, 2006 Memorandum and Order dismissing this action. (Docket Entry 77.) Thus, the Court will only briefly summarize the relevant facts and procedural history that developed subsequent to the Court's Order.

The Clerk of the Court entered judgment in favor of Defendants on September 22, 2006. (Docket Entry 78.) On October 18, 2006, Plaintiff timely filed a Notice of Appeal. (Docket Entry 79.) On March 27, 2008, the Second Circuit issued a summary order affirming this Court's Order dismissing Plaintiff's Complaint. (Docket Entry 81.)

In April 2007, while his appeal to the Second Circuit was pending, Plaintiff commenced an action in Nassau County Supreme Court seeking "similar if not identical relief" to the present action. (Camhi Aff. Ex. C.) That action was dismissed with prejudice (Camhi Aff. Exs. C-D), and such dismissal was affirmed by the Appellate Division on January 5, 2010 (Camhi Aff. Exs. E-F).

In May 2011, Plaintiff filed a motion for summary judgment in a related, earlier-filed action in Nassau County Supreme Court. (Camhi Aff. Ex. G.) That motion raised many of the same issues presented to the Court in Plaintiff's pending

motion. On January 18, 2012, the state court denied Plaintiff's motion and dismissed the majority of the claims in Plaintiff's complaint. (Docket Entry 107-1.) Plaintiff indicated in a letter to this Court, dated February 18, 2012, that he filed a notice of appeal of that decision. (Docket Entry 112.) The current status of that appeal is unknown.

On December 9, 2011, Plaintiff filed a motion for relief from this Court's September 22, 2006 judgment. That motion is presently pending before the Court.

## DISCUSSION

Plaintiff moves to vacate the judgment pursuant to subsections (4), (5), and (6) of Rule 60(b) of the Federal Rules of Civil Procedure. Defendants argue, inter alia, that Plaintiff's motion must be denied (1) as time-barred and (2) because the Court lacks jurisdiction to consider it. The Court will address each of these arguments separately.

I. Timeliness

Any motion under Rule 60(b)(4), (5), or (6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Determining whether a motion to vacate has been filed within a reasonable time "requires scrutin[izing] the particular circumstances of the case, and balanc[ing] the interests in finality with the reason for delay." Hom v. Brennan, 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011) (alterations in original)

4

(internal quotation marks and citation omitted); see also DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994). In striving for this balance, courts in this Circuit require the party seeing vacatur to:

> [1] produce "highly convincing" evidence in support of the motion, [2] show good cause for failure to act sooner, and [3] demonstrate that rescinding the judgment would impose no undue hardship on other parties.

Rem v. Caldrello, No. 89-CV-8609, 1991 WL 123950, at *3 (S.D.N.Y. June 27, 1991)) (citing Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)).

Here, the Court finds that Plaintiff's delay in bringing the pending motion--more than five years after judgment was entered and more than three-and-a-half years after the Second Circuit's affirmance--is unreasonable. First, the Second Circuit has found similar (and significantly shorter) delays to be unreasonable. See, e.g., Satterfield v. Pfizer, Inc., 208 F. App'x 59, 61 (2d Cir. 2006) (finding four year delay in bringing Rule 60(b) motion to be unreasonable); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time"); Sonhouse v. Nynex Corp., No. 00-CV-7236, 2000 WL 1262591, at *1 (2d Cir. Sept. 5, 2000) (upholding district court finding that a Rule 60(b) motion filed more than three

5

years after entry of judgment was untimely); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (finding a twenty-six month delay to be "a patently unreasonable delay absent mitigating circumstances"). Second, Plaintiff has failed to provide the Court with any explanation to justify such a delay. See Kellogg, 269 F.3d at 104 (affirming district court's denial of a Rule 60(b) motion as untimely when the motion was filed twenty-six months after the entry of judgment and the movant "had not shown good cause which would excuse the delay in filing"); Hom, 840 F. Supp. 2d at 581 (denying motion to vacate that was filed more than five years after judgment was entered because the plaintiff had "not articulated any justifiable basis that would excuse this substantial delay, particularly in light of the Second Circuit's dismissal of his appeal"). Accordingly, the Court finds that Plaintiff's motion must be denied as untimely.

## II. Lack of Jurisdiction

Even if Plaintiff's motion was not time-barred, the Court nonetheless lacks jurisdiction to address the merits of Plaintiff's claims. Under the "law of the case doctrine," "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (alteration in original) (internal quotation marks and citation omitted).

"This 'mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate,'" Id. (quoting Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010)), or "of issues that fall within the scope of the judgment appealed from . . . but not raised," ResQNet.com, Inc. v. Lansa, Inc., 828 F. Supp. 2d 688, 696 (S.D.N.Y. 2011) (alteration in original) (internal quotation marks and citations omitted); see also Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) ("Our previous ruling was the law of the case, and the district judge correctly found that it had no jurisdiction to review an appellate court's decision." (citation omitted)).

Here, the Second Circuit's summary order affirming this Court's Order dismissing Plaintiff's Complaint bars re-litigation of the issues decided therein. And Plaintiff readily admits (and repeats on several occasions) that all of the issues raised in the present motion were previously "raised . . . at every stage of litigation." (Pl. Mot. ¶¶ 7, 10; see also Pl. Reply ¶ 4 (stating that the issues raised in the pending motion were "continually challenged in direct actions and on appeal, since 2001 in State Court, and since 2005 in Federal Court and in the 2nd Circuit Court of Appeals"); Pl. Ltr., Docket Entry

7

112 ("I have continually, in direct actions and on appeal since 2001 in State Court, and since 2005 in Federal Court and Court of Appeals, maintained the same position respectively.").) Therefore, based on Plaintiff's own admission and the Court's independent review of the docket, the issues in Plaintiff's Rule 60(b) motion have already been litigated before the Second Circuit and, accordingly, cannot be re-litigated herein.

## CONCLUSION

    For the foregoing reasons, Plaintiff's motion is DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

DATED:    August  20 , 2012
            Central Islip, New York